**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt.loker@loker.law
Charles B. Cummins (354861)
charles.cummins@loker.law
132 Bridge Street
Arroyo Grande, CA 93420
Tel: (805) 994-0177

**THE CONSUMER LAWYERS PLLC**
Octavio "Tav" Gomez, Esq. (*Pro Hac Vice* to be requested)
Tav@TheConsumerLawyers.com
501 E. Kennedy Blvd, Suite 610
Tampa, FL 33602
Tel: (844) 855-9000

Attorneys for Plaintiff:
Marva Lewis Brown

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARVA LEWIS BROWN**, | **Case No.:** |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** |
| -vs- | |
| **EXPERIAN INFORMATION SOLUTIONS, INC. and RADIUS GLOBAL SOLUTIONS LLC**, | **FAIR CREDIT REPORTING ACT** |
| | **JURY TRIAL DEMANDED** |
| Defendants. | |

COMES NOW Plaintiff, MARVA LEWIS BROWN (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian") and RADIUS GLOBAL SOLUTIONS LLC (hereinafter "Radius") (hereinafter collectively "Defendants"), and in support

thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*

## PRELIMINARY STATEMENT

1.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like Experian, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Experian's principal address is in this District; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.     Plaintiff is a natural person and resident of Hinds County in the State of Mississippi. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Experian is a corporation headquartered at 475 Anton Boulevard in Costa Mesa, California 92626.

11.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

13.     Radius is a corporation with its principal place of business in the State of Minnesota and is authorized to do business in the State of California through its registered agent, C T Corporation System, located at 330 North Brand Boulevard, Suite 700, Glendale, California 91203.

14.    Radius is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

15.    Radius furnished information about Plaintiff to Experian that was inaccurate.

## **FACTUAL ALLEGATIONS**

16.    Plaintiff is alleged to owe a debt to Radius, partial account number 517513*, as to a collection on behalf of original creditor ATT (hereinafter "Radius Account"). Plaintiff never applied or gave permission to anyone to apply using her information for the original ATT account.

17.    Upon information and belief, Plaintiff is a victim of identity theft.

18.    In or about January 2024, Plaintiff received an alert from her credit monitoring app that a new collection account was added to her credit file by MRS BPO.

19.    Shortly thereafter, Plaintiff contacted MRS BPO and learned that the collection account was on behalf of original creditor, ATT Mobility, opened in September 2023 under the name "Marva Lewis". Plaintiff never applied or gave permission to anyone to apply using her information for this account with ATT Mobility.

20.    On or about February 1, 2024, Plaintiff obtained a copy of her credit report. Upon review, Plaintiff observed MRS BPO, partial account number LU8XX210*, a collection account on behalf of original creditor ATT Mobility with a balance of $2,653 (hereinafter "MRS BPO Account").

21.    On or about February 1, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 169019315. In this report, she explained that the erroneous and fraudulent ATT Mobility account had been opened under her name and that a collection account on behalf of that fraudulent ATT Mobility account was listed in her credit report.

22.     On or about February 8, 2024, Plaintiff mailed a detailed dispute letter to Experian regarding the inaccurate reporting. In the letter, Plaintiff explained the MRS BPO Account did not belong to her. To confirm her identity, Plaintiff included copies of her driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting, images of her filed FTC Identity Theft Report, and other supporting documents.

23.     On or about February 19, 2024, Plaintiff received dispute results from Experian which stated it updated Plaintiff's name and Social Security number. Further, the results stated the MRS BPO Account was not appearing in her Experian credit report.

24.     In or about May 2024, Plaintiff was alerted to a new collection account being added to her credit file.

25.     On or about May 13, 2024, Plaintiff obtained updated copies of her credit reports. Upon review, Plaintiff observed personal identifying information, including names, which was inaccurate and did not belong to her. Further, Plaintiff observed Credence Resource Management, partial account number 275735*, a collection account on behalf of original creditor ATT with a balance of $2,652 (hereinafter "CRM Account") which did not belong to her.

26.     On or about May 17, 2024, Plaintiff mailed a detailed dispute letter to Experian regarding the inaccurate reporting. In the letter, Plaintiff explained the CRM Account did not belong to her. Further, Plaintiff advised that the same debt was previously reported by MRS BPO, and the debt was removed by Experian. To confirm her identity, Plaintiff included copies of her driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting, images of her filed FTC Identity Theft Report, images of the previously disputed and deleted MRS BPO Account, and other supporting documents.

27.     On or about May 23, 2024, Plaintiff received dispute results from Experian which stated it updated Plaintiff's personal identifying information. Further, the dispute results stated that the erroneous CRM Account was not appearing in her credit file.

28.     On or about June 26, 2024, Plaintiff filed a Complaint in the United States District Court in the Northern District of Illinois, Case No. 1:24-cv-05323, against Experian as to the inaccurate reporting.

29.     On or about August 14, 2024, Plaintiff and Experian reached a settlement, and at that time, a collection account on behalf of ATT was no longer being reported on Plaintiff's credit report.

30.     Several months after reaching a settlement, on or about March 2, 2025, Plaintiff became aware of the Radius Account appearing in her credit file.

31.     On or about March 10, 2025, Plaintiff obtained a copy of her Experian credit report, and upon review, Plaintiff observed that the Radius Account was reported with a status of collection and balance of $2,652.

32.     Due to the inaccurate reporting, on or about March 11, 2025, Plaintiff mailed a detailed dispute letter to Experian. In the letter, Plaintiff requested a copy of her credit report. Further, Plaintiff advised she was a victim of identity theft and explained the Radius Account did not belong to her. Further, Plaintiff advised that the same debt was previously reported by MRS BPO and CRM, and the debt was previously removed by Experian both times following disputes by Plaintiff. To confirm her identity, Plaintiff included copies of her driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting, images of her filed FTC Identity Theft Report, images of the previously disputed and deleted MRS BPO

Account, images of the previously disputed and deleted CRM Account, and other supporting documents.

33.      Plaintiff mailed her detailed dispute letter to Experian via USPS Certified Mail, tracking number 9589 0710 5270 0870 4028 33.

34.      On or about March 21, 2025, Plaintiff received an alert from Experian that her dispute results were posted online. However, when Plaintiff attempted to access her dispute results, she received an error message which stated, "Your dispute results are currently not available online".

35.      Despite confirmation of delivery, Plaintiff did not receive dispute results or a copy of her credit report in the mail from Experian.

36.      On or about April 17, 2025, Plaintiff obtained a copy of her Experian credit report, and upon review, Plaintiff observed the Radius Account continued to be reported.

37.      Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

38.      Experian never attempted to contact Plaintiff during the alleged investigation.

39.      Upon information and belief, Experian notified Radius of Plaintiff's dispute. However, Radius failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

40.      Due to the continued inaccurate reporting, on or about April 21, 2025, Plaintiff mailed another detailed dispute letter to Experian. In the letter, Plaintiff again requested a copy of her credit report. Further, Plaintiff reiterated she was a victim of identity theft and explained the Radius Account did not belong to her. Further, Plaintiff advised that the same debt was previously reported by MRS BPO and CRM, and the debt was previously removed by Experian both times

following disputes by Plaintiff. To confirm her identity, Plaintiff included copies of her driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting, images of her filed FTC Identity Theft Report, images of the previously disputed and deleted MRS BPO Account, images of the previously disputed and deleted CRM Account, and other supporting documents.

41.     Plaintiff mailed her detailed dispute letter to Experian via USPS Certified Mail, tracking number 9407 1112 0620 8854 1496 55.

42.     As of the filing of this Complaint, Plaintiff has not received dispute results from Experian regarding her detailed disputes letter.

43.     Despite Plaintiff's best efforts to have the erroneous reporting corrected, Experian continues to inaccurately report the erroneous Radius Account in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

44.     Experian has not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continues to parrot off the back of the furnisher.

45.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

46.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

     i.      Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, wasted time, and lost wages due to missing work in attempts to cure the reporting errors;

     ii.     Loss of time attempting to cure the errors;

iii.     Mental anguish, added stress, aggravation, embarrassment, emotional distress, sleepless nights, headaches, fluctuations in weight, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

iv.     Apprehensiveness to apply for new credit due to the fear of rejection; and

v.     Defamation as Defendants published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

47.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

48.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

49.     Experian allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

50.     Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

51.     Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

52.    Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

53.    Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

54.    As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

55.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

56.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MARVA LEWIS BROWN, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

57.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

58.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

59.     Experian allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

60.     Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

61.     Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

62.     Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

63.     Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

64.     As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

65.     The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

66.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MARVA LEWIS BROWN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

67.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

68.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

69.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

70.     Plaintiff provided Experian with the information it needed to confirm that she was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

71.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

72.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

73.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, MARVA LEWIS BROWN, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

74.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

75.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such

inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

76.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

77.     Plaintiff provided Experian with the information it needed to confirm that she was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

78.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

79.     The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

80.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, MARVA LEWIS BROWN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN

INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

81.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

82.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

83.    Plaintiff provided to Experian appropriate and sufficient proofs of identity to allow Experian to create a high degree of confidence in knowing the identity of Plaintiff.

84.    Despite the sufficient proofs of identification produced by Plaintiff, Experian refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

85.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

86.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

87.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, MARVA LEWIS BROWN, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VI
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Experian Information Solutions, Inc. (Willful)

88.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

89.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

90.    Plaintiff provided to Experian appropriate and sufficient proofs of identity to allow Experian to create a high degree of confidence in knowing the identity of Plaintiff.

91.    Despite the sufficient proofs of identification produced by Plaintiff, Experian refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

92.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

93.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

94.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, MARVA LEWIS BROWN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Radius Global Solutions LLC (Negligent)

95.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

96.    Radius furnished inaccurate account information to Experian and through Experian to all of Plaintiff's potential lenders.

97.    After receiving Plaintiff's disputes, Radius violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Experian; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

98.    Plaintiff provided all the relevant information and documents necessary for Radius to have identified that the account was erroneous.

99.    Radius did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Radius by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

100.    Radius violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

101.    As a direct result of this conduct, action, and/or inaction of Radius, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

102.    The conduct, action, and inaction of Radius was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

103.    Plaintiff is entitled to recover costs and attorney's fees from Radius in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, MARVA LEWIS BROWN, respectfully requests that this Court award actual damages against Defendant, RADIUS GLOBAL SOLUTIONS LLC; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment

interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT VIII
### Violation of 15 U.S.C. § 1681 s-2(b) as to Defendant, Radius Global Solutions LLC (Willful)

104.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

105.    Radius furnished inaccurate account information to Experian and through Experian to all of Plaintiff's potential lenders.

106.    After receiving Plaintiff's disputes, Radius violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Experian; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

107.    Plaintiff provided all the relevant information and documents necessary for Radius to have identified that the account was erroneous.

108.    Radius did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Radius by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

109.    Radius violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

110.    As a direct result of this conduct, action, and/or inaction of Radius, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

111.    The conduct, action, and inaction of Radius was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

112.    Plaintiff is entitled to recover costs and attorney's fees from Radius in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, MARVA LEWIS BROWN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, RADIUS GLOBAL SOLUTIONS LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, MARVA LEWIS BROWN, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC.; and RADIUS GLOBAL SOLUTIONS LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 11th day of July 2025.

Respectfully submitted,

**LOKER LAW, APC**

_**/s/ Matthew M. Loker**_
Matthew M. Loker, Esq.
_Attorney for Plaintiff_